To: L. Michael Milbrath County Attorney Marion County
QUESTION:
May the Board of County Commissioners of Marion County levy and collect special assessments pursuant to s. 125.01(1)(r), F.S., in lieu of or in addition to ad valorem taxes for the purpose of funding county services such as the property appraiser's office, county jail and tax collector's office?
SUMMARY:
Unless and until judicially determined otherwise, it is my opinion that the Board of County Commissioners of Marion County may not lawfully levy and collect special assessments pursuant to s.125.01(r), F.S., in lieu of or in addition to ad valorem taxes for the purpose of funding the maintenance and operation of the county jail and the operation of the offices of the county property appraiser and tax collector.
According to your letter, the board of county commissioners is considering levying a special assessment on each parcel of real property in the county, presumably on a countywide basis, to defray the expenses of providing the above described "county services," the amount of which is to be determined by the type of parcel.
Section 125.01(1)(r), F.S., among other things, provides that the legislative and governing body of a county shall have the power to carry on county government, which, to the extent not inconsistent with general or special law, shall include the power to "[l]evy and collect taxes, . . . and special assessments, . . . which power shall be exercised in such manner, and subject to such limitations, as may be provided by general law." (Emphasis supplied.) I am not aware of any general law which empowers a county to levy special assessments for purposes of funding general county governmental functions or facilities such as the county jail and the operations of the offices of the county property appraiser and tax collector or that prescribes the manner of exercising any such power. Cf. s. 153.05, F.S., which authorizes any county to provide for the construction or reconstruction of certain facilities, as defined by s. 153.02(7), F.S., and for the levying of special assessments upon benefited property under the provisions of that section and pursuant to the procedures prescribed therein. Special assessments are charges assessed against the property of some particular locality because that property derives some special benefit from the expenditure of the money collected by the assessment in addition to the general benefit accruing to all property or citizens. See 29A, Fla.Jur. Special Assessments ss. 2 and 18 (1967); 70 Am.Jur.2d Special or Local Assessments ss. 1 and 18 (1967); 14 McQuillin, Municipal Corporations ss. 38.02, 38.32, and 38.124 (1970). Special assessments place a special or local charge on the land involved on the basis that the property derives a special benefit in addition to the general benefit to the public; such assessments are imposed on the theory that the portion of the community being assessed receives some special or peculiar benefit which enhances the value of the property in proportion to the special assessment. See 29A Fla.Jur. Special Assessments ss. 3 and 20 (1967). The power to make special assessments can be exercised only for special improvements, it cannot be exercised to burden particular property and the owners thereof with the cost of general and governmental benefits and expenditures. Special assessments cannot be imposed to pay for an improvement which is primarily of general public benefit. See 70 Am.Jur.2d Special Assessments s. 20 (1967). Cf. City of St. Cloud v. Carlson, 82 So. 616, 618 (Fla. 1919) in which the court stated that "[s]pecial assessments can only be levied to pay for an improvement local in character, as distinguished from general . . . and the proceeds thereof cannot be used to augment the general revenue fund nor to finance a separate and distinct improvement project, nor to create a sinking fund for the payment of bonds." See also 14 McQuillin, Municipal Corporations s. 38.02 (1970). If the primary benefit is to the public, and only incidental benefit results to the property improved, to require such property to bear the entire expense would amount to an unwarranted servitude that cannot be imposed. See 29A Fla.Jur. Special Assessments ss. 19 and 22 (1967). The exaction of an assessment of benefits against property which there was no power to impose is an unconstitutional taking of property without due process of law. See 70 Am.Jur.2d Special or Local Assessments s. 10. If the money collected from a special assessment, or any part of it, is used for some purpose other than as a direct benefit to the land assessed, it is a tax. Id., s. 1, at 844. My research has not disclosed any Florida appellate decision sanctioning the levy and collection of special assessments by a local government for the purpose of funding or augmenting the funding of general governmental functions and operations such as those here involved. See 70 Am.Jur.2d Special or Local Assessments s. 24, stating that "[o]n the ground that such construction serves the public generally and does not benefit particular real estate in the area of construction, it has been held that authority to make local improvements by special assessments does not include the construction of a public library; the erection of school buildings; and the construction of a courthouse or a convention hall." See also 14 McQuillin, Municipal Corporations s. 38.29.
It would seem axiomatic that the maintenance (see s. 125.01[1][c], F.S., and s. 138.09, F.S.) and operation (see s. 30.49, F.S.) of the county jail and the assessment and collection of taxes (see chs. 192, 193 and 197, F.S.) are integral or constituent parts of general county government. In the performance of these vital functions of county government, no special benefit or service is furnished or extended to a particular area or property or to a portion or segment of the county or its citizens. Nor would the value of the properties assessed in order to fund such general county governmental functions or operations be enhanced. In light of the authorities and principles of law cited above, I am constrained to conclude that the board of county commissioners may not lawfully levy and collect special assessments under the provisions of s. 125.01(1)(r), F.S., against real property in the county on a countywide basis to fund the operations of the county jail and the offices of the county property appraiser and tax collector.
Sincerely,
Jim Smith Attorney General
Prepared by: Craig Willis, Assistant Attorney General